UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINTON
AT SEATTLE

| | |
|---|---|
| RICHARD JAMES DIDZUN, an individual; IAN McANDREWS and KATE McANDREWS, individually and for their marital community; on behalf of themselves and persons similarly situated;<br><br>Plaintiffs,<br>v.<br><br>THE HOME DEPOT, INC., a foreign corporation, and HOME DEPOT USA, INC.;<br><br>Defendants. | No. 2:21-cv-01540 RSL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## **INTRODUCTION**

1.  This is a putative wage-and-hour class action brought by the Plaintiffs on behalf of himself and other persons similarly situated against their employer The Home Depot, Inc. and or Home Depot USA, Inc. (collectively, "Home Depot"), for unpaid wages and compensation arising out of Home Depot's failure to either provide its workers with rest and meal breaks as required by statute and/or to pay the workers for the missed meal and rest breaks.

FIRST AMENDED
CLASS ACTION COMPLAINT - 1
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

# PARTIES

2. Plaintiff Richard James Didzun ("Didzun") is a natural person residing in Hoquiam, Grays Harbor County, Washington. From April 5, 2015, he has been an employee of Home Depot. In 2015, he underwent training at a Home Depot facility in Bothell, Washington.

3. From on or about April 5, 2015, to a date in September of 2019, he was employed in a Home Depot store in Everett, Snohomish County, Washington. From September 5, 2020, until the present, he has been an employee in a Home Depot store in Aberdeen, Grays Harbor, Washington.

4. Plaintiff Ian McAndrews is a natural person residing in Millbrook, Alabama. From January of 2019 until April of 2019, Mr. McAndrews was employed at Home Depot store number 4737 in Covington, King County, Washington. In addition, prior to that he worked in Home Depot stores in Columbus, Ohio, Toledo, Ohio, and Houston, Texas.

5. Plaintiff Kate McAndrews is a natural person residing in Millbrook, Alabama. From March of 2018 until April of 2019, Ms. McAndrews was employed at Home Depot store number 4737 in Covington, King County, Washington.

6. Defendant Home Depot, Inc., in its 2020 Annual Report, described itself as follows:

> The Home Depot, Inc. is the world's largest home improvement retailer based on net sales for fiscal 2020. We offer our customers a wide assortment of building materials, home improvement products, lawn and garden products, décor products, and facilities maintenance, repair and operations products and provide a number of services, including home improvement installation services and tool and equipment rental. As of the end of fiscal 2020, we had 2,296 The Home Depot stores located throughout the U.S. (including the Commonwealth of Puerto Rico and the territories of the U.S. Virgin Islands and Guam), Canada, and Mexico. The Home Depot stores average approximately 104,000 square feet of enclosed space, with approximately 24,000 additional square feet of outside garden area. We also maintain a network of distribution and fulfillment centers, as well as a number of e-commerce websites. When we refer to "The Home Depot," the "Company," "we," "us" or "our" in this report, we are referring to The Home Depot, Inc. and its consolidated subsidiaries.
>
> The Home Depot, Inc. is a Delaware corporation that was incorporated in 1978. Our Store Support Center (corporate office) is located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Our telephone number at that address is (770) 433-8211.

In the same Annual Report, Home Depot provided data as to the size and location of its workforce as follows:

FIRST AMENDED
CLASS ACTION COMPLAINT - 2
No. 2:21-cv-01540 RSL

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Our Workforce. At the end of fiscal 2020, we employed approximately 504,800 associates, of whom approximately 35,700 were salaried, with the remainder compensated on an hourly basis. Set forth below is the geographic makeup of our workforce.

| Geographic Location | Number of Associates | % of Total Workforce |
|---|---|---|
| United States | 451,500 | 89.4% |
| Canada | 34,400 | 6.8% |
| Mexico | 18,600 | 3.7% |
| Other[1] | 300 | 0.1% |
| Total | 504,800 | 100% |

[1] Includes associates in our sourcing organization located in China, Vietnam, India, Italy, Poland and Turkey.

In the same annual report, Home Depot represented that it had a total of 1,987 stores in the United States, 45 of which were located in Washington State. Assuming that the stores are of relatively equal size and are similarly staffed, plaintiffs estimate that Home Depot has 11,432 employees in Washington State, more or less. Home Depot has stated that it employs at least 24,660 nonexempt employees within the state. *See* Notice of Removal. Home Depot USA, Inc. is a subsidiary of Home Depot, Inc.

7. Home Depot is the employer of the Plaintiffs and the putative Class.

## JURISDICTION AND VENUE

8. This action is based on the laws of the United States and the State of Washington. This court has subject matter jurisdiction over the claims alleged herein.

9. Home Depot does business throughout the State of Washington, including in Snohomish County, Washington. Accordingly, this court may exercise general jurisdiction over Home Depot. Additionally, the wrongful conduct alleged herein, in whole or in part, occurred in Snohomish County, Washington, so this court may also exercise specific jurisdiction over Home Depot.

10. For the same reasons as above, venue is proper in this court.

FIRST AMENDED
CLASS ACTION COMPLAINT - 3
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## SUBSTANTIVE ALLEGATIONS

11. Employers in Washington State must comply with the Industrial Welfare Act (RCW 49.12).

12. Under the Act, employers must maintain records identifying each employee, their dates of employment, rates of pay, and the hours worked, and wages paid during each pay period. Washington Administrative Code, §296-126-050. Employees have a right to inspect these records. Id. Employers must also provide employees with an itemized statement accurately showing their pay basis for each pay period. WAC §296-126-030.

13. For purposes of statutory interpretation, "hours worked" includes all hours during which workers are "…authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." WAC §296-126-002.

14. Under RCW 49.52.050, it is unlawful for employers to willfully underpay their employees and/or falsify payroll records. An employer's falsification of timekeeping records creates the presumption that any underpayment was "willful." RCW 49.52.080. Any employer willfully underpaying employees shall be liable for twice the amount of underpayment, and attorney's fees and costs. RCW 49.52.070.

15. Under RCW 49.12 and WAC 296-126-092, it is unlawful for employers to deprive their employees who work five or more consecutive hours of thirty minute meal breaks between the second and fifth hour, and for employer to deprive their employees who work three or more consecutive hours of a ten minute rest break.

16. Pursuant to the Federal Labor Standards Act, 29 U.S.C. ("FLSA") and regulation propounded thereunder, employers are required to compensate workers at a rate at least equal to the prevailing federal minimum wage. Federal law recognizes rest breaks, usually from 5 to 20

FIRST AMENDED
CLASS ACTION COMPLAINT - 4
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

minutes in duration, as part of the working day and are compensable. Meal periods of 30 minutes or more are generally not compensable where the worker "employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." 29 C.F.R. § 785.16.

17. Workers who are denied rest breaks for which they are not paid are entitled to relief under the FLSA.

18. Additionally, workers who are denied meal periods or who are required to be not relieved from duty during the meal period or who actually perform work during a significant part of the work period are entitled to relief under the FLSA.

19. 29 U.S.C. § 211 requires every employer subject to the Act to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him … for the enforcement of the provisions of this Act or the regulations or orders thereunder."

**FACTUAL ALLEGATIONS AS TO PLAINTIFFS AND CLASS**

20. The plaintiffs have been employed at one or more of Home Depot's retail stores in the State of Washington. The putative Class Members are present and former hourly workers who, within the Class Period, worked one or more of the 45 Home Depot stores in Washington and whose claims have not in the past or are not currently the subject of previous class action litigation.

21. While they were Home Depot employees, the plaintiffs and their co-workers were frequently denied rest breaks and meal breaks due to the work requirements imposed by Home Depot. Additionally, Home Depot has a policy that requires employees (who wear distinctive orange aprons or vests) to interrupt their breaks to respond to a request for assistance from

FIRST AMENDED
CLASS ACTION COMPLAINT - 5
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

customers, thus denying the employees their full rest and meal breaks. Plaintiffs have individually experienced the unlawful conduct of Home Depot that have been described herein as applicable to the Class.

22. Home Depot is a "big box" home improvement warehouse store. Merchandise is stored and displayed in bulk within the retail space of the store. Customers are generally expected to locate the merchandise they require with minimal staff assistance. In fact, in order to reduce its business costs, Home Depot stores are intentionally staffed at minimal levels as compared to competitors who generally provide more customer assistance, such as Ace Hardware.

23. Because of its chronic understaffing, Home Depot's hourly retail employees are often unable to take the meal and rest breaks required by law, and Home Depot fails to accurately keep track of the missed breaks and fails to compensate these workers for the missed breaks.

24. Evidence suggests that Home Depot's understaffing and its impact on the workers is widespread. "The Glass Door" (www.glassdoor.com) is a social media platform where workers of many companies can post comments, both favorable and unfavorable. A person who was identified as "Former Employee" of Home Depot posted on Glass Door a comment entitled "Understaffed a lot of the time" on February 7, 2019. While the person noted as a positive the comment "Never any trouble getting shifts," he or she added as a negative comment "Understaffing and skipped breaks as a result." Similarly, on August 21, 2021, in a posting entitled "It's decent," a current employee observed "Store is usually short staffed which sometimes can be overwhelming." On August 20, 2021, in a posting entitled "Customer Service," a current employee reported "Overworked employees." On August 15, 2021, a former

FIRST AMENDED
CLASS ACTION COMPLAINT - 6
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

employer entitled his report "Good benefits" even though his negative comment included "Short staffing with no coverage [presumably referring to coverage for breaks], you would have to take on more work than required." On August 16, 2021, a current employee echoed these kinds of comments in a generally favorable posting entitled "Good": "sometimes forget to give breaks to us." Although anecdotal, these comments from across the nation indicate a corporate culture that allows or even encourages management to engage in understaffing to an extent that workers are denied proper rest and meal breaks.

25. Because Home Depot's records fail to account for the missed breaks, Home Depot has failed in its legal duty to keep and provide accurate timekeeping records.

## CLASS ALLEGATIONS

26. Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all members of the proposed Class.

27. Plaintiffs are proposing two classes, one under state law and one under the FLSA, each with the following class definition:

> All hourly employees of the Defendants in the State of Washington whose timekeeping records during the Class Period reflect alterations or changes to self-reported labor time in a manner which reduces the labor time for which they were paid and whose claims have not in the past or are not currently the subject of previous class action litigation.

*******

> All hourly employees of the Defendants in the State of Washington whose timekeeping records during the Class Period reflect they worked more than five consecutive hours and were not provided a thirty-minute meal break between the second and fifth working hour and/or worked more than three consecutive hours and were not provided a ten-minute rest break whose claims have not in the past or are not currently the subject of previous class action litigation.

FIRST AMENDED
CLASS ACTION COMPLAINT - 7
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

28. The Class Period runs from the longer of either (i) three years from the date of the filing of this action to the present or (ii) any other applicable time period provided by law.

29. Plaintiffs reserve the right to amend or modify this Complaint and/or the proposed Class definitions after receiving Defendant's Answer and responses to meaningful discovery and/or in the motion for class certification.

30. The proposed classes consist of at least 10,000 members, and individual joinder would be impracticable. The precise number and identities of Class members are unknown to Plaintiffs but should be obtainable through notice and discovery of the Defendant's timekeeping and payroll records. Notice can be provided through a variety of means including publication, the cost of which is properly imposed on Defendant.

31. Plaintiffs will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

32. Plaintiffs' claims are typical of the claims of the Class whose members sustained similar types of injuries arising out of the conduct challenged in this action. The injuries flow from a common nucleus of policies and practices by the Defendants and are based on the same legal theories.

33. There is a well-defined community of interest in the common questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in a similar fashion based upon Defendant's wrongdoing or arise out of similar legal obligations.

34. The common questions of law and fact detailed in this Complaint predominate over any questions solely affecting individual Class members. Defendants engaged in a common

FIRST AMENDED
CLASS ACTION COMPLAINT - 8
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs and the Class members. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.

36. The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

37. Defendants have also acted or have refused to act on grounds generally applicable to the Class, thereby making it appropriate to grant final declaratory and injunctive relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count 1 – Statutory Violations Under State Law

38. Pursuant to RCW 49.52.050,

> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who
> ***
> (2) Willfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract;
> ***
> Shall be guilty of a misdemeanor.

39. Pursuant to RCW 49.52.070,

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for

FIRST AMENDED
CLASS ACTION COMPLAINT - 9
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

40. Pursuant to RCW 49.12 and WAC 296-126-092,

(1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2) No employee shall be required to work more than five consecutive hours without a meal period.

(3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

41. Defendants have violated the foregoing statutes and are liable to the Plaintiffs and the Class for actual damages, double damages, and attorneys' fees and costs.

42. The Class to be certified under the state law claims would be an "opt out" class.

### Count 2 – Statutory Violations Under Federal Law

43. Under 29 U.S.C. § 206, an employer is required to pay at least the minimum wage for every regular hour worked by an employee.

44. Under 29 U.S.C. § 207, an employer is required to pay each employee at one-and-one-half the employee's regular rate of pay.

45. Class members who have been denied required rest breaks are entitled to recover the value of the missed breaks under the applicable statute and regulations.

FIRST AMENDED
CLASS ACTION COMPLAINT - 10
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

46. Class members who have been denied meal breaks or who were effectively denied meal periods are entitled to relief under the FLSA, to include exemplary damages and an award of attorneys' fees under 29 U.S. Code § 794a.

47. The Class to be certified under the federal claims would be an "opt in" class.

### Count 3 – Unjust Enrichment

48. As described more fully above, the Defendants have been unjustly enriched by wrongfully withholding wages and breaks from the Class.

### Count 4 – Injunctive and Declaratory Relief

49. As described more fully above, the Plaintiffs and the Class are entitled to a declaration of their rights to be paid the prevailing minimum wage and provided lawful meal and rest breaks, and an injunction prohibiting the Defendants from further statutory violations.

### PRAYER FOR RELIEF

Based upon the above allegations, the Plaintiffs request the following relief as appropriate for each cause of action:

A. An Order certifying that this action be maintained as a class action for both the federal and state claims and appointing Plaintiffs as Representatives of the Classes and their counsel as Class Counsel;

B. For all actual, incidental, consequential, exemplary and/or statutory damages as provided for by law under the above causes of action that permit such relief including double damages under 29 U.S. Code § 216(b) and RCW 49.52.050 and .070, and recovery of other monies expended by Plaintiffs and members of the Class;

C. For preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

FIRST AMENDED
CLASS ACTION COMPLAINT - 11
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

D.      For an award of attorneys' fees to the extent available under applicable law;

E.      For costs of suit herein incurred;

F.      For pre- and post-judgment interest; and/or

G.      For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

DATED this 1st day of December, 2021.

**BADGLEY MULLINS TURNER PLLC**

*/s/Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Ste. 200
Seattle, WA 98155
Telephone: (206) 621-6566
Email: dturner@badgleymullins.com
**Attorneys for Plaintiffs**

**NORTHSHORE LAW GROUP, PLLC**

*/s/Abel M. Tsegga*
Abel M. Tsegga, WSBA No. 46349
144 Railroad Ave. Ste. 308
Edmonds, WA 98020
Telephone: (206) 697-4878
Facsimile: (206) 512-1106
Email: abel@northshorelawgroup.com
**Attorneys for Plaintiffs**

FIRST AMENDED
CLASS ACTION COMPLAINT - 12
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

# CERTIFICATE OF SERVICE

I hereby certify that on December 1st, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  ydorjee@badgleymullins.com

FIRST AMENDED
CLASS ACTION COMPLAINT - 13
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686