# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                                       (206) 370-8810

April 27, 2022

Duncan C. Turner
Badgley Mullins Turner PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155

Laurence A. Shapero
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1201 Third Ave., Suite 5150
Seattle, WA 98101

**Delivered Via CM/ECF**

RE:   *Didzun v. The Home Depot, Inc.,* C21-1540RSL
        Stipulated Protective Order

Dear Counsel:

On April 26, 2022, the Court received your proposed "Stipulated Protective Order." Dkt. # 24.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted.  The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that are likely to be confidential, such as

compensation data and employee personnel records. The order also purports to cover exceptionally broad categories of documents, such as "confidential/proprietary data system" and "commercial, business, financial, or proprietary information which is competitively sensitive, has competitive commercial value, or would otherwise adversely affect a party's business, commercial, economic or financial interests." These materials may or may not have been kept in confidence and may or may not provide a commercial advantage to defendant's competitors if disclosed. The parties' description of "confidential" documents imposes virtually no limit on what corporate documents could be shielded from public view.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge