# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RICHARD JAMES DIDZUN, an individual; IAN McANDREWS and KATE McANDREWS, individually and for their marital community; on behalf of themselves and persons similarly situated;<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE HOME DEPOT, INC., a foreign corporation, and HOME DEPOT USA, INC.;<br><br>　　　　　　　　　Defendants. | No. 2:21-cv-01540 RSL<br><br>**ORDER GRANTING<br>PRELIMINARY APPROVAL** |

ORDER GRANTING PRELIMINARY
APPROVAL - 1
No. 2:21-cv-01540 RSL

Before the Court is the Plaintiffs' Motion for Preliminary Approval. Dkt. #43. The Court has considered the Preliminary Approval Motion, together with its supporting declarations and exhibits, as well as the Parties' Joint Status Report of July 15, 2024. Dkt. #49.

This Court has also reviewed the Parties' Joint Stipulation of Class Action Settlement and Modification to Joint Stipulation of Settlement (collectively, the "Agreement"), as well as the files, records, and proceedings to date in this matter.[1]

Based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Class (as defined in Paragraph A below) to confirm that the Agreement and Settlement are fair, reasonable, and adequate and to determine whether the Settlement should be approved and final judgment entered in this action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

A.  **Preliminary Approval of Proposed Settlement.**

The Agreement is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Class and a full hearing on the approval of the Settlement.

The Class is defined as:

---

[1] For purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Preliminary Approval Motion, unless otherwise defined.

ORDER GRANTING PRELIMINARY
APPROVAL - 2
No. 2:21-cv-01540 RSL

> All hourly and salaried non-exempt associate employees of the Home Depot U.S.A., Inc., in the State of Washington between August 22, 2018, and July 25, 2024: (1) who were identified as one of the 32,532 associate employees for whom Plaintiff's counsel was provided timekeeping and/or payroll data; but (2) excluding those associates who during this period only held a Specialist or Supervisor position (collectively, "Excluded Positions") and received notice of and were eligible to participate in the settlement of the action titled *Carlson v. Home Depot U.S.A., Inc., et al.*, in the United States District Court for the Western District of Washington, assigned Case Number 2:20-CV-1150.  To the extent that, during the Covered Period, an hourly or salaried non-exempt associate was employed in both an Excluded Position and a job not constituting an Excluded Position, that individual will participate in this Settlement only with respect to those Relevant Shifts during which they held a position other than an Excluded Position.

**B.   Fairness Hearing**.

A final approval hearing (the "Fairness Hearing") shall be held before the Court on Thursday, December 19, 2024, to finally determine whether the Agreement is fair, reasonable, and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive award to Plaintiff, and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph K below.  The Fairness Hearing and all dates provided for herein may, without further notice to the Class, be continued or adjourned by order of this Court.  After the Fairness Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Class Members with respect to the Released Claims being settled.  The scope of the Released Claims shall be that set forth in §I, ¶FF of the Agreement.

**C.   Class Notice**.

Class Notice shall be sent within twenty-eight (28) days following entry of this Order. Simpluris shall serve as Administrator. The Administrator will provide mail notice to persons in the Class by mail, and when available, by e-mail as well, according to the program described

in the Settlement Agreement. Skip tracing shall be performed by the Administrator for all returned mail.

**D.   Findings Concerning Class Notice.**

The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Class of the pendency of this action and their right to object to or exclude themselves from the Class.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Civil Rule 23.  The Court hereby approves the Notice in substantially the same form as that attached at Dkt. 49-2 as Exhibit B to the Joint Status Report.

**E.   Administration.**

The Court confirms that it is appropriate for the Defendant to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses, and personal identifying information.

**F.   Exclusion from the Class.**

Persons in the Class will have the right to opt out by sending a written request to a designated address within forty-five (45) days after the Notice Mailing Date.  All Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in this action. Exclusion requests must contain the person's name, address, telephone number, and signature, and must include the following statement: "I wish to opt out of the settlement of the class action lawsuit entitled *Didzun, et al. v. The Home Depot, Inc., et al.*, Case No. 2:21-CV-1540. I understand and desire to receive no money from

the *Didzun* Settlement." The Administrator will retain a copy of all requests for exclusion. Not later than 15 days from the exclusion deadline, the Administrator shall file with the Court a declaration that provides copies of all exclusion requests received, regardless whether they satisfy all of the requirements of this paragraph.

      G.    **Objections and Appearances**.

Any person in the Class who has not timely submitted a valid request for exclusion from the Class, and thus is a Class Member, may object to the proposed Settlement and appear at the Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive award to the Class Representatives.

1. In order to object to the Settlement, a Class member must make any objection in writing and file it with the Court and serve on all Parties not later than forty-five (45) days after the Notice Mailing Date. The objection must include the person's name, address, telephone number, and signature, and must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Any objections that are not timely filed and mailed may be forever barred.

2. In order to speak at the hearing, a Class member also must file with the Court and serve on all Parties a Notice of Intention to Appear at the Fairness Hearing with the Court no later than fourteen (14) days before the Fairness Hearing. The Notice must include the person's name, address, telephone number, and signature.

ORDER GRANTING PRELIMINARY
APPROVAL - 5
No. 2:21-cv-01540 RSL

H. **Further Papers In Support Of Settlement And Fee Application**.

Class Counsel's Motion for Attorneys' Fees and the Motion for Final Approval shall be filed as provided in Paragraph K.

I. **Effect of Failure to Approve the Agreement**.

In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

1. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

2. The Agreement and its existence shall be inadmissible to establish any fact or any alleged liability of the Defendant for the matters alleged in this action or for any other purpose; and

3. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law.

J. **Stay/Bar Of Other Proceedings**.

All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any

ORDER GRANTING PRELIMINARY
APPROVAL - 6
No. 2:21-cv-01540 RSL

action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims as defined in the Agreement.

**K.    Timeline.**

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | July 25, 2024 |
| Notice Mailing Date | August 22, 2024 |
| Plaintiffs' Counsel's Fee Motion Submitted | September 20, 2024 |
| Final Approval Brief Submitted | September 20, 2024 |
| Exclusion/Objection Deadline | October 22, 2024 |
| Administrator's Report of Exclusion Requests | November 7, 2024 |
| Responses to Objections Submitted | November 22, 2024 |
| Final Approval Hearing / Noting Date | December 19, 2024 |

The Fairness Hearing is scheduled on Thursday, December 19, 2024, at 11:00 am in Courtroom 15128 at the U.S. Courthouse in Seattle, Washington.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge