THE HONORABLE ROBERT S. LASNIK
NOTED FOR: December 19, 2024
@ 11:00AM

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| RICHARD JAMES DIDZUN, an individual; IAN McANDREWS and KATE McANDREWS, individually and for their marital community; on behalf of themselves and persons similarly situated;<br><br>                    Plaintiffs,<br><br>     v.<br><br>THE HOME DEPOT, INC., a foreign corporation, and HOME DEPOT USA, INC.;<br><br>                    Defendants. | No.  2:21-cv-01540 RSL<br><br>**MOTION FOR FINAL APPROVAL** |

MOTION FOR FINAL APPROVAL - 1
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686

## I. INTRODUCTION.

Plaintiffs Richard Didzun, Ian McAndrews and Kate McAndrews (collectively, the "Plaintiffs"), on behalf of themselves and the Settlement Class they represent, respectfully submit this Motion for Final Approval.[1]

In granting preliminary approval, this Court reviewed the Settlement with the same level of scrutiny which it is required to apply at the final stage, and found it "fair, reasonable, and adequate…" Dkt. #51, pg. 2; *see also* Fed. R. Civ. P. 23(e)(2). Since the Court's granting of preliminary approval, the Parties and Court-appointed administrator Simpluris, have collaborated to distribute notices to thirty-two thousand five hundred twenty-eight (32,528) Class Members. *See* Declaration of Markus Balthius, ¶8. Those notices provide Class Members with detailed information about the proposed *Didzun* Settlement, and to date (September 20, 2024), no objections or requests for exclusion have been filed.

As detailed in the Motion for Preliminary Approval (Dkt. #43), and Motion for Attorney's Fees and Costs, Incentive Awards, and Administrative Costs (the "Fee Petition"), the Defendants The Home Depot, Inc., and The Home Depot USA, Inc., (collectively, "Home Depot") possessed significant defenses, both as to class certification and liability. Although the Plaintiffs were prepared to zealously confront those defenses, resolving these legal and factual questions would have required substantial expense and ultimately delayed Class Members' recovery. By negotiating the proposed *Didzun* settlement, the Plaintiffs have negated Home Depot's defenses and obtained a settlement which provides for substantial monetary and

---

[1] The deadline for Plaintiffs' final approval briefing is before the deadline for objections and exclusion requests. *See* Dkt. #51, pg. 7. Therefore, conclusive discussion as to the lack of objections or exclusion requests cannot be presented at this time. Plaintiffs will supplement or amend this brief prior to the December 2024 final approval hearing.

MOTION FOR FINAL APPROVAL - 2
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

administrative relief. *See* Second Declaration of Mark Trivett, ¶10-11 (discussing defenses raised by Home Depot and monetary impact).

For these reasons, the Plaintiffs respectfully request the Court grant final approval and authorize the Parties to proceed with distribution of the nine million five hundred thousand ($9,500,000) gross settlement fund (the "Common Fund").

## II.  FACTS.

**A. Summary of Settlement.**

   **1. Settlement Benefits.**

The proposed *Didzun* settlement provides both monetary and administrative relief to Class Members.

As to monetary benefits, the Common Fund is allocated to Class Members in two ways: (1) the Meal Period Settlement Fund, and (2) the Rest Period Settlement Fund. Dkt. #44-1, pg. 6. The monetary value of the Meal Period Settlement Fund is **$8,075,000**, which will be distributed to individual Class Members based on the number of missed or untimely meals identified within their individual timekeeping data. Dkt. #44-2, pg. 7 (Distribution Formula). This allows Class Members to obtain monetary relief which directly reflects the frequency with which they missed a meal period or received an untimely meal period. *Id*. Class Members are expected to receive gross meal period allocations equal to approximately 72.1% of their missed or untimely meal period damages. Dkt. #44, ¶9. All recipients of the Meal Period Settlement Fund will also receive Rest Period Settlement Fund allocations. Dkt. #44-2, pg. 7.

The monetary value of the Rest Period Settlement Fund is **$1,425,000**. Because Home Depot employees do not clock-in or out for rest periods, it is difficult to ascertain the true number of missed meal periods. *See* Dkt. #44, ¶10. Plaintiffs' counsel was prepared to perform

MOTION FOR FINAL APPROVAL - 3
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

a post-certification survey of *Didzun* Class Members, but this would only obtain individual anecdotal experiences whose admissibility would be disputed by Home Depot. To ensure equitable allocations, the Rest Period Settlement Fund will be distributed according to the number of shifts worked by each Class Member during the Class Period. Dkt. #44-2, pg. 7. This allows the Rest Period Settlement Fund to also be distributed according to an individual objective data point.

Settlement allocations will be reported equally on IRS Forms W-2 and 1099. Dkt. #44-1, pg. 30. For allocations reported on IRS Form W-2, Home Depot will pay additional employer-contribution payroll taxes. *Id*. The approximate value of these additional contributions is **$266,851.35**.[2]

As to administrative benefits, in July 2022, Home Depot implemented a new timekeeping policy which automatically reimburses Class Members for wages associated with missed or untimely meal periods (the "Corrective Measure"). Trivett Dec., ¶12-15. Class Counsel felt it was extremely important to negotiate a settlement which provided the opportunity to verify the Corrective Measure's efficacy using objective measures, and a mechanism to increase the common fund if deemed ineffective. *Id*., Dkt. #44- 1, §1, ¶V-X, §III, C-D. After execution of an initial Memorandum of Agreement, Home Depot produced, and Class Counsel analyzed additional timekeeping data to facilitate this verification. Dkt. #44, ¶17. That analysis identified approximately 169,000 wage reimbursements to *Didzun* Class Members for alleged missed or untimely meals, worth $1,900,000. Second Trivett Dec., ¶14. The

---

[2]   Presuming an estimated employer-contribution payroll tax rate of 7.65%. https://www.business.wa.gov/site/alias__business/878/small-business-guide--payroll.aspx (accessed 9/13/2024)

MOTION FOR FINAL APPROVAL - 4
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686

Corrective Measure has also been verified to be over **97%** effective, automatically compensating future Home Depot employees for meal period violations. *Id*.

**2. The Settlement Class.**

The proposed Settlement Class is comprised of:

> All hourly and salaried non-exempt associate employees of the Home Depot U.S.A., Inc., in the State of Washington between August 22, 2018, and July 25, 2024: (1) who were identified as one of the 32,532 associate employees for whom Plaintiff's counsel was provided timekeeping and/or payroll data; but (2) excluding those associates who during this period only held a Specialist or Supervisor position (collectively, "Excluded Positions") and received notice of and were eligible to participate in the settlement of the action titled *Carlson v. Home Depot U.S.A., Inc., et al.*, in the United States District Court for the Western District of Washington, assigned Case Number 2:20-CV-1150.  To the extent that, during the Covered Period, an hourly or salaried non-exempt associate was employed in both an Excluded Position and a job not constituting an Excluded Position, that individual will participate in this Settlement only with respect to those Relevant Shifts during which they held a position other than an Excluded Position.

*See* Dkt. #49-1, pg. 2 (Modification to Joint Stipulation of Settlement).

**3. Released Claims.**

The Settlement releases Home Depot from the following claims:

> …all causes of action and factual or legal theories that were alleged in the operative complaint or reasonably could have been alleged based on the facts and legal theories contained in the operative complaint, including all of the following claims for relief against the Released Parties: (1) meal and rest break violations; (2) failure to track or provide compensation for meal and rest break violations; (3) withholding and/or underpayment of wages relating to or arising out of meal and rest break violations; (4) falsification of payroll and timekeeping records; (5) unjust enrichment in connection with purported meal or rest break violations; (6) all other claims or penalties under the wage and hour laws pleaded in the Action; and all damages, penalties, interest, attorneys' fees and costs, and other amounts recoverable under said causes of action under Washington and federal law, including the Washington Minimum Wage Act and the Washington Industrial Welfare Act, to the extent arising out of

MOTION FOR FINAL APPROVAL - 5
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

> or relating to the facts and legal theories alleged in or that reasonably could have been alleged based on the facts and legal theories contained in the operative complaint.

*See* Dkt. #44-1, pg. 8-9, ¶FF.

**4. Fees, Costs, Incentive Awards, and Administrative Expenses.**

In a separate motion, Class Counsel has requested an attorney fee award of $2,375,000, calculated using the percentage-of-recovery method and the Ninth Circuit's benchmark award rate of twenty-five percent (25%). Class Counsel also request the award of their litigation expenses ($37,730), and the Plaintiffs request individual incentive awards of $10,000. Simpluris, the Court-appointed administrator, also seeks an award of $80,764 for administrative expenses.

**B. Notice and Administration.**

The notice program has been extensive. Under the Settlement (Dkt. #44-1, pg. 20, ¶3) and the Court's Order Granting Preliminary Approval (Dkt. #51, pg. 4), the Court-approved settlement notice was to be mailed and e-mailed (where available) to Class Members. To date (September 20, 2024), the settlement notice has been distributed by U.S. Postal Service First Class Mail to thirty-two thousand five hundred twenty-eight (32,528) Class Members, and also e-mailed to twenty-six thousand six hundred forty-one (26,641) Class Members. *See* Balthius Declaration, ¶8-9. Thus, at least from initial results, it appears that Simpluris has achieved complete saturation with mailed notices, and that 84.5% of Class Members also received e-mailed notices. *Id.*

Although the period for exclusion requests and objections does not expire until November 4, 2024, none have been filed or submitted to date. From all available evidence, including the very-low number of returned mailings and Class Counsel's contact with Class

MOTION FOR FINAL APPROVAL - 6
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

Members, it appears that notice saturation rates will be extremely high and Class Members' reactions widely positive.

### III.  DISCUSSION.

**A.  The Settlement Merits Final Approval.**

To approve a class action settlement, a court must determine that the settlement is "fair, reasonable, and adequate." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 780 (9th Cir. 2022) (quoting Fed. R. Civ. P. 23(e)(2)). District courts apply a higher standard of fairness to settlements reached before class certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)

To determine whether a settlement is fair, reasonable, and adequate, courts must address a number of factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.

**1.  Factors Considered At Preliminary Approval Still Support Final Approval.**

In considering whether to grant preliminary approval to the Settlement, the Court reviewed it with the same level of scrutiny as it is required to do now. Dkt. #55, pg. 2. Plaintiffs' Motion for Preliminary Approval of Class Action settlement addressed all but one of these factors. The remaining factor – the reaction of the Class Members to the proposed settlement – also supports final approval.

**a.  The strengths and risks of the Plaintiffs' case.**

MOTION FOR FINAL APPROVAL - 7
No. 2:21-cv-01540 RSL

BADGLEY MULLINS TURNER PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686

The strengths and risks of the Plaintiffs' case remain the same as they were at preliminary approval. Dkt. #43, pg. 8; *see also* Fee Petition, pg. 7. Here, the Plaintiffs were prepared to present significant evidence that there was a widespread pattern and practice of missed or untimely meal periods at Home Depot's locations in Washington. Second Trivett Dec., ¶5-9. They were also prepared to demonstrate that these resulted from Home Depot's administrative and staff practices. *Id*. But Home Depot presented numerous factual defenses, including: (1) some Class Members had waived their meal periods, (2) no damages were owed for *de minimis* violations of WAC §296-126-092; (3) that individual variations in experiences among employees, departments, stores, and time periods, precluded class certification, and (4) that anecdotal answers undermined the admissibility of rest period survey responses by Class Members. If Home Depot had prevailed on any of these arguments, it would have either precluded certification or greatly reduced recovery.

**b. Further litigation would be expensive and lengthy.**

Continued litigation would require additional expenses for discovery, depositions, and experts, and would likely require a lengthy and hotly contested trial. All of these expenses would ultimately be deducted from the Class's recovery, if any. Final approval is also supported by the additional complexity which would result from further litigation – including the need for extensive expert analysis on technical issues, the use of aggregate evidence to prove the existence of common practices across Home Depot's multiple Washington locations, and the challenges of addressing class certification and summary judgment for rest periods, when no objective data point was available. Absent a settlement, this litigation would have continued for many years before resolution, ultimately delaying Class Members' recoveries and taxing judicial resources.

MOTION FOR FINAL APPROVAL - 8
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

### c. The risk of certifying a class and maintaining as a class action.

Similarly, significant risks are associated with certifying a class and maintaining the case as a collective action through trial. While Plaintiffs would likely be able to certify a class for the meal period claims based on Home Depot's timekeeping and wage data, Home Depot was prepared to attack the Class Representative's adequacy and typicality to serve as Plaintiffs. Further, Home Depot was prepared to argue the existence of meal period waivers, *de minimis* violations, and no common proof of rest break violations, all of which (if successful) create individual issues which pose a problem as to injury and damages.

### d. The Settlement's relief is more than adequate.

As detailed in Section II(1)(A), *supra*, the Settlement provides both monetary and administrative relief. On average, the **32,528** Class Members will each receive a gross allocation of $290.02, and a net payment of **$214.45**. *See also* Fee Petition, generally. Those allocations will be calculated pro rata, based on each individual Class Members' own timekeeping and wage data, and will be directly distributed without the need for claim submission. Dkt. #44-1, pg. 25 (Settlement Agreement). Finally, any proceeds remaining at the end of the distribution period will revert to the Washington State Unclaimed Property Fund, where they can be claimed by their rightful owner for years to come. *Id*., pg. 30. This is significant monetary relief for Class Members.

### e. The settlement is the result of informed, contentious and candid discussions.

Prior to settlement, the Parties participated in discovery and Class Counsel prepared the materials and evidence necessary to move for class certification. *See* Second Trivett Dec., ¶4-11. This allowed the strengths, and respective risks, to be flushed-out through extensive research, preparation, and briefing. *Id*. As to the settlement itself, the Parties conducted a full-

MOTION FOR FINAL APPROVAL - 9
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686

day mediation, and exchanged over twenty-three (23) settlement offers, before agreeing to a gross value. Dkt. #44, ¶12. Even after mediation, Class Counsel's insistence on an objective method to verify the efficacy of the Correct Measure, and to increase the Common Fund if it was deemed ineffective required months of negotiation to resolve. *Id.*, ¶12-16; Second Trivett Dec., ¶13-16. By any objective measure, this settlement resulted from informed, candid, and arm's length discussions.

**B. Class Members' Reactions.**[3]

Simpluris has distributed notices to 32,528 Class Members by U.S. Mail. *See* Balthius Dec., ¶8-11. Of that population, approximately 84.5% have also received e-mail notices. *Id.* To date, approximately two weeks after notices were issued, no objections or exclusion requests have been filed. *Id.* So far, Class Members appear to widely endorse the proposed settlement, including the proposed relief and release, and the requested attorney's fees, costs, and incentive awards, all of which are articulated in the Court-approved notice. Dkt. #44-2, pg. 6-8.

### IV. CONCLUSION.

Plaintiffs respectfully request the Court grant final approval to the Settlement.

**DATED**: September 20, 2024

*I certify that this memorandum contains 2569 words, in compliance with the Local Civil Rules.*

**BADGLEY MULLINS TURNER PLLC**
*/s/Mark A. Trivett*
Mark A. Trivett, WSBA No. 46375
Duncan C. Turner, WSBA No. 20597
19910 50th Avenue W., Suite 103

---

[3] Class Counsel will provide additional evidence and briefing as to this factor following expiration of the period for exclusion requests and objections.

MOTION FOR FINAL APPROVAL - 10
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Lynnwood, WA 98036
T: (206) 621-6566
E: dturner@badgleymullins.com
   mtrivett@badgleymullins.com

**NORTHSHORE LAW GROUP, PLLC**
*/s/Abel M. Tsegga*
Abel M. Tsegga, WSBA No. 46349
144 Railroad Ave. Ste. 308
Edmonds, WA 98020
Telephone: (206) 697-4878
Facsimile:   (206) 512-1106
Email: abel@northshorelawgroup.com
*Attorneys for Plaintiffs*

MOTION FOR FINAL APPROVAL - 11
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com

MOTION FOR FINAL APPROVAL - 12
No. 2:21-cv-01540 RSL

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686