UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD JAMES DIDZUN, an individual; IAN McANDREWS and KATE McANDREWS, individually and for their marital community; on behalf of themselves and persons similarly situated;<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>THE HOME DEPOT, INC., a foreign corporation, and HOME DEPOT USA, INC.;<br><br>　　　　　　　　　　Defendants. | No. 2:21-cv-01540 RSL<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES & COSTS, INCENTIVE AWARDS, AND ADMINISTRATIVE COSTS** |

WHEREAS, Class Counsel has submitted authority and evidence supporting their Motion for Attorney's Fees & Costs, Incentive Awards, and Administrative Costs; and

WHEREAS, the Court, having considered the pleadings on file and being fully advised, finds that good cause exists for entry of the Order below; now, therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Motion for Attorney's Fees, Costs and Incentive Awards.

2.      The Court has appointed Badgley Mullins Turner, PLLC and Northshore Law Group, PLLC as Class Counsel.

3.      Class Counsel has requested the Court award $2,375,000 as attorney's fees, and an additional $42,730.70 in costs, to be paid directly from the common Settlement fund.

4.      These requested attorney's fees are fair and reasonable. The Court reaches this conclusion after analyzing: (1) the exceptional results Class Counsel achieved; (2) Class Counsel's risk in this litigation; (3) the complexity of the issues presented; (4) the hours Class Counsel worked on the case; (5) Class Counsel's hourly rates; (6) the contingent nature of the fee; and (7) awards made in similar cases.

5.      Class Counsel has submitted authority and declarations supporting their reasonable time incurred, and estimated to be incurred, and their reasonable hourly rates.

6.      The hours claimed by Class Counsel were reasonably expended on the investigation, preparation, filing, and litigation of the Plaintiffs' and putative Class's claims.

7.      Class Counsel's attorney's hourly rates – between $500 and $565 - are reasonable hourly rates considering their individual "experience, skill, and reputation," *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) and the prevailing market rates in this jurisdiction. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).

8.      The litigation expenses and costs incurred by Class Counsel were reasonable and necessary.

9.      Applying these hourly rates to the hours reasonably expended by Class Counsel, Class Counsel's lodestar is $306,863.

10.     Class Counsel performed high-quality work, resulting in a favorable collective settlement for Class Members.

11. Further, the quality of Class Counsel's representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment justify a fee award equal to the Ninth Circuit benchmark of 25%. No Class Members objected to this request.

12. The reasonableness of this fee award is confirmed by a lodestar crosscheck, which results in a calculated multiplier of 7.74, which is within the bounds of reasonableness.

13. Based on the foregoing findings and analysis, the Court awards Class Counsel $2,375,000 in attorney's fees, and $42,730.70 in costs.

14. This Court also awards $10,000 as an incentive award for each of the individual Plaintiffs/Class Representatives in recognition of their contribution to this litigation and advocacy on behalf of their fellow Class Members.

Dated this 20th day of December, 2024.

Robert S. Lasnik
United States District Judge