UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD JAMES DIDZUN, an individual; IAN McANDREWS and KATE McANDREWS, individually and for their marital community; on behalf of themselves and persons similarly situated;<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE HOME DEPOT, INC., a foreign corporation, and HOME DEPOT USA, INC.;<br><br>　　　　　　　　Defendants. | No. 2:21-cv-01540 RSL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

THIS MATTER came before the Court on Plaintiffs' Motion for Final Approval. The Court has considered all materials submitted in support of the proposed Settlement Agreement, including the preliminary and final approval motions, all documents and exhibits filed in support thereof, and record in the case[1].

---

[1] The definitions set forth in the parties' Settlement Agreement, and the Court's Order Granting Preliminary Approval of Proposed Class Action Settlement ("Preliminary Approval Order") are hereby incorporated herein as though fully set forth herein.

ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1

Having considered these materials and the statements of counsel at the Final Approval Hearing on December 19, 2024, the Court, being fully advised, has determined that the proposed Settlement Agreement should be approved as fair, adequate, and reasonable. To reach this determination, the Court FINDS the following:

1. The Court has jurisdiction over the subject matter of this action and all parties, including members of the Settlement Classes previously certified by the court, which is comprised of:

> All hourly and salaried non-exempt associate employees of the Home Depot U.S.A., Inc., in the State of Washington between August 22, 2018, and July 25, 2024: (1) who were identified as one of the 32,532 associate employees for whom Plaintiff's counsel was provided timekeeping and/or payroll data; but (2) excluding those associates who during this period only held a Specialist or Supervisor position (collectively, "Excluded Positions") and received notice of and were eligible to participate in the settlement of the action titled *Carlson v. Home Depot U.S.A., Inc., et al*., in the United States District Court for the Western District of Washington, assigned Case Number 2:20-CV-1150. To the extent that, during the Covered Period, an hourly or salaried non-exempt associate was employed in both an Excluded Position and a job not constituting an Excluded Position, that individual will participate in this Settlement only with respect to those Relevant Shifts during which they held a position other than an Excluded Position.

2. On or about September 5, 2024, the Settlement Administrator began distributing the Court-approved Notice and Claim Form to Settlement Class members, by direct U.S. Mail and e-mail. The Court finds that the program of individual mailing Class Notices to Class Members by U.S. Mail and e-mail (where available) reached over 98% of the Class and provided the best practicable notice under the circumstances.

3. The Notices provided detailed information regarding this Litigation, including the Class definition, the parties' respective claims and defenses, relief available to Settlement

Class Members, and the procedures for appearing, objecting, or opting out prior to final approval.

4.  The Settlement Administrator's declaration confirms that the Notice Program was timely completed in accordance with the terms of the Settlement Agreement and Preliminary-Approval Order. The Court finds and concludes that the notice program fully satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and the requirements of due process.

5.  Four (4) objections were received.

6.  Fifteen (15) exclusion requests were received.

7.  No substantive objections to Class Members' compensation, the proposed method of allocation and distribution, or the requested attorney's fees, costs, and incentive awards were raised.

8.  The Agreement was the result of arm's length negotiations between Class Counsel and counsel for the Defendants. Further, Class Counsel and the Class Representative have adequately represented the interests of the Settlement Class.

9.  The Agreement provides adequate relief to the Settlement Class. To reach this determination, the Court considered the likelihood of success in respect to the claims of the Settlement Class, and Defendants' available defenses. The Court has also considered the status and extent of the Parties' investigation, research, discovery, and negotiation. Finally, the Court considered the costs and risks associated with further litigation, and the potential delays presented by trial and subsequent appeals.

10.  The Court has appointed Badgley Mullins Turner, PLLC and Northshore Law Group, PLLC as Class Counsel.

ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3

11. Class Counsel has requested the Court award $2,375,000 as attorney's fees and $37,380.70 in costs, to be paid from the gross settlement fund. *See* Dkt. #57 at 3 (Class Counsel's Motion for Attorney's Fees and Costs, Incentive Awards, and Administrative Costs).

12. Class Counsel performed high-quality work, resulting in a favorable collective settlement for Class Members. Based on findings and analysis set forth in the Court's Order Granting Motion for Attorney's Fees & Costs, Incentive Awards, and Administrative Costs, the Court awards a fee award of $2,375,000, equal to 25% of the gross settlement fund of $9,500,000.[2]

13. Based on the foregoing findings and analysis, the Court also awards Class Counsel $42,730.70 in litigation expenses/costs and $80,764 in administration costs.

14. This Court also awards $10,000 as an incentive award for each of the individual Plaintiffs/Class Representatives in recognition of their contribution to this litigation and advocacy on behalf of their fellow Class Members.

Good cause appearing therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

15. The Settlement is fair, reasonable, and adequate.

16. The proposed awards and manner of payment for attorney's fees, costs, and incentive awards are fair, reasonable, and adequate.

17. The Parties are directed to proceed with the Settlement Payment procedures specified in the Settlement Agreement.

---

[2] If all benefits of the settlement are considered, including additional employer-contribution to payroll taxes and non-monetary corrective measures initiated by The Home Depot, the value of the settlement exceeds $11,600,000.

ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4

18. The Parties are also authorized without further approval from the Court, to mutually agree to and adopt such amendments, modifications and expansions of the Settlement Agreements and all exhibits thereto as are consistent in all material respects with this Final Approval Order and Court's Order Granting Motion for Attorney's Fees & Costs, Incentive Awards, and Administrative Costs.

19. Without affecting the finality of this Order for purposes of appeal, the Court reserves jurisdiction over the Parties as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, the Order Granting Motion for Attorney's Fees & Costs, Incentive Awards, and Administrative Costs, and for any other necessary purposes.

20. The Settlement Agreement is given full force and effect, and Class Representatives and individual Settlement Class Members' Released Claims, as articulated in the Settlement Agreement, are released and forever discharged.

21. The Court approves the proposed class action settlement and orders the following: (a) Defendants are directed to fund the settlement, (b) the Settlement Administrator is authorized to distribute the Settlement Funds, and (c) the Settlement Administrator is directed to distribute the attorney's fees and incentive awards as provided in the Settlement Agreement and this Court's orders.

22. This action is hereby dismissed in its entirety with prejudice.

Dated this 20th day of December, 2024.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5